United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTA WANDA ORTIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-618-ALL
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Roberta Wanda Ortiz appeals her guilty plea conviction and
sentence for conspiracy to possess with intent to distribute
marijuana and for the underlying possession offense. Ortiz
contends that her sentence violated the Sixth Amendment under
Unites States v. Booker, 543 U.S. 220 (2005), because it was not
based on facts admitted by her or found by a jury beyond a
reasonable doubt. Booker solved the Sixth Amendment problem of
judicial factfinding by making the Guidelines advisory. See United

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Johnson, 445 F.3d 793, 797 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006). This argument lacks merit.

Alternatively, Ortiz contends that the Government did not prove the drug quantity by a preponderance of the evidence because the estimation of drug quantity in the presentence report was based on speculation and lacked an adequate evidentiary basis. The district court did not clearly err by extrapolating the relevant drug quantity from payments Ortiz admitted receiving for prior smuggling trips. See United States v. Cabrera, 288 F.3d 163, 172 (5th Cir. 2002).

Ortiz argues that her sentence was unreasonable. The district court properly calculated the guideline range, and Ortiz "has failed to demonstrate that [her] properly calculated Guidelines sentence, which was at the lowest end of the range, was unreasonable." See United States v. Alonzo, 435 F.3d 551, 554-55 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.